David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 S Fort Apache Rd, Suite 30
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Cortney Fast,<br><br>              Plaintiff,<br>   v.<br><br>LexisNexis Risk Solutions; Target Corporation,<br><br>              Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from

inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. CORTNEY FAST ("Plaintiff"), by Plaintiff's attorneys, brings this action against TARGET CORPORATION ("Target") and LEXISNEXIS RISK SOLUTIONS ("Lexis") for violations of the FCRA, as set forth below.

### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State as a foreign limited liability company and has appointed a registered agent in Nevada.

### PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Target is a corporation doing business in the State of Nevada.

8. Target is a "user" as that term is intended under the FCRA. Anyone receiving a consumer report and applying it to a consumer is a user and must comply with the FCRA whether the user obtains or uses the report directly or indirectly. *Ross v. Res-Care, Inc., 2012 WL 3096093* (W.D. Ken. July 30, 2012).

9. Defendant Lexis is a corporation doing business in Nevada. Lexis regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports. As such, Lexis is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), and a "Reporting Agency" as that term is defined by NRS 598C.100.

10. Unless otherwise indicated, the use of Target or Lexis's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

**Target Impermissibly Pulled Plaintiff's Credit Information in violation of Section 1681b(f) and 1681q.**

11. Plaintiff is informed and believes, and thereon alleges, that Target acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

12. On information and belief, Lexis permits third parties to procure a consumer's private information without requiring a permissible purpose, or, alternatively, fails to disclose the end-users of a consumer report

13. Upon review of Plaintiff's Lexis credit report dated October 17, 2019, Plaintiff discovered that Target submitted an unauthorized credit report inquiry. Lexis disclosed that the purpose of the inquiry was a result of "Written Consent," but Plaintiff never consented in writing or in any other respect to grant Target access to her consumer files.

14. However, 15 U.S.C. § 1681b delineates the *only* permissible uses of, or access to, consumer reports.

15. Target had no permissible use of or access to Plaintiff's consumer reports.

16. Target's inquiry of Plaintiff's consumer report information, without Plaintiff's consent and at a time Plaintiff and Target had no account relationship, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b(f) and 1681q.

17. Target accessed Plaintiff's credit report without consent or knowledge of Plaintiff.

18. Obtaining a report without a permissible purpose constitutes an invasion of a legally protected interest in the confidentiality of Plaintiff's sensitive personal information. The harm may be intangible, but is it is very real and concrete.

19. The prohibition on impermissible credit "pulls" is also a substantive provision, not procedural, in that it is a direct protection for the privacy of Plaintiff's information.

20. Accessing a consumer report without a permissible purpose would be similar to several common law torts that fall under the umbrella of invasion of privacy, such as the public disclosure of private facts or intrusion upon seclusion (in this case, intrusion on financial information).

21. Target never notified Plaintiff of the illegal and impermissible access.

22. Target obtained Plaintiff's credit report and/or credit information under false pretenses.

23. Target had no legitimate business need for Plaintiff's credit report. Plaintiff and Target had no business relationship at any time during the period Target was obtaining Plaintiff's credit reports.

24. Target willfully and negligently violated the Fair Credit Reporting Act through its above conduct.

25. Specifically, Target violated 15 U.S.C. § 1681b and § 1681q by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

**Lexis violated Section 1681i(a)(6)(A) when it failed to reasonably reinvestigate and delete the incorrectly reporting inquiry from Target, and Section 1681g(a)(2).**

26. On October 17, 2019, Plaintiff obtained her consumer disclosure from Lexis, identified as "Case Number: 134950295." As discussed above, Plaintiff identified Target's impermissible credit inquiry, dated August 1, 2019.

27. Accordingly, on or about November 1, 2019, pursuant to 15 U.S.C. § 1681i(a)(1), Plaintiff disputed Lexis's incorrect reporting by notifying Lexis, in writing. Plaintiff indicated that the inquiry was not based on her "Written Consent," stated that she had no account relationship with Target, and asked that Lexis verify the source of this reporting and delete it from her consumer file.

28. Lexis, however, failed to provide Plaintiff with a report of the results of its reinvestigation within 45 days of receiving notice of Plaintiff's dispute, thus violating its duties to do so under 15 U.S.C. § 1681i(a)(5)(A).

29. Instead, on December 21, 2019, Lexis sent Plaintiff a letter indicating that she had asked it to verify the accuracy of reporting that emanated from Equifax, Experian, and/or Transunion. This is not what Plaintiff asked Lexis

to do, nor could she because Lexis's October 17, 2019 consumer disclosure did not indicate the sources of the information.

30. Lexis's failure to disclose the sources of the Target inquiry reporting was a violation of 15 U.S.C. § 1681g(a)(2), because that provision requires that a CRA disclose the sources of the information reporting in a consumer's file.

31. Lexis violated Section 1681i(a)(5)(A) when Lexis merely stated that it had not received any responses from Equifax, Experian, and/or Transunion. Section 1681i(a)(5)(A) requires that where disputed information is incapable of verification for its accuracy or completeness, a CRA must delete that item of information.

32. Upon information and belief, Lexis failed to delete the Target inquiry, even though it admitted in its December 21, 2019 letter to Plaintiff that it also failed to verify its accuracy or completeness.

33. As a result of Lexis statutory violations, Plaintiff has also suffered actual damages. Specifically, Plaintiff has lost time, incurred out-of-pocket expenses in the form of transportation costs. She also suffered a concrete informational injury due to violations of her privacy, which Lexis and Target had a statutory duty to protect.

34. Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Obtaining a report without a permissible purpose constitutes an invasion of a legally protected interest in the confidentiality of Plaintiff's sensitive personal information. The harm may be intangible, but it is very real and concrete.

37. The prohibition on impermissible credit "pulls" is also a substantive provision, not procedural, in that it is a direct protection for the privacy of a consumer's information.

38. Lexis' and Target's actions were willful under 15 U.S.C. § 1681n because Lexis and Target were aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports. *See Doe v. Sentech Employment Services, Inc.*, E.D. Mich. May 16, 2016) (*citing Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

39. Plaintiff suffered an invasion of a legally protected interest when Target accessed Plaintiff's highly confidential personal information (Plaintiff's credit report) at a time when Target had no right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. § 1681b, protects consumers like Plaintiff from this precise behavior.

40. Plaintiff has a common law right to keep personal credit information private. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the FCRA. Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4).

41. Plaintiff was affected personally because when he realized the behavior of Target described above (pulling Plaintiff's credit report without any authorization), Plaintiff felt her privacy was invaded and her personal and private information disclosed to Target, which had no right to Plaintiff's private information.

42. The injury suffered by Plaintiff is concrete because Target's violation of 15 U.S.C. § 1681b caused Plaintiff to suffer an invasion of privacy. In enacting

15 U.S.C. § 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

43. Further, Target increased the risk that Plaintiff will be injured if there is a data breach on Target's computer systems by acquiring additional highly sensitive information about Plaintiff and saving that information onto its computer system. Data breaches are increasingly common (see, e.g., Data Breaches, Krebs, available at http://krebsonsecurity.com/category/data-breaches/), and financial institutions like Target are frequent targets of cybercriminals (see, e.g., The Top 8 Largest Date Breaches in the Financial Services Industry, Association of Certified Financial Crime Specialists, available at http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-financial-services-industry/).

44. The foregoing acts and omissions related to Defendants constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

45. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive

damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

46. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

47. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 16, 2020

                                  Respectfully submitted,
                                  By <u>/s/ David H. Krieger, Esq.</u>
                                  David H. Krieger, Esq.
                                  Nevada Bar No. 9086
                                  HAINES & KRIEGER, LLC
                                  8985 S. Eastern Ave., Suite 350
                                  Henderson, NV 89123
                                  Phone: (702) 880-5554
                                  FAX: (702) 385-5518
                                  Email: dkrieger@hainesandkrieger.com

                                  Attorney for Plaintiff
                                  *Cortney Fast*